O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 08-0881 DOC (RNBx)                        Date: November 17, 2008

Title: SECURITIES AND EXCHANGE COMMISSION V. GLOBAL MATERIALS AND SERVICES, INC. ET AL.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                         Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Kristee Hopkins                                               Not Present
Courtroom Clerk                                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                             NONE PRESENT

---

PROCEEDING (IN CHAMBERS): DISCHARGING ORDER TO SHOW CAUSE; GRANTING, IN PART, DEFENDANTS WILLIAM WOO AND ERIC KO'S MOTION TO STAY CASE; AND GRANTING GOVERNMENT'S MOTION TO INTERVENE

       Before the Court is Plaintiff Securities and Exchange Commission's ("SEC") Response to the Court's October 14, 2008 Order to Show Cause (the "Response"), Defendants William Woo and Eric Ko's ("Woo" and "Ko") Motion For Temporary Stay of Civil Case ("Woo and Ko's Motion"), and the United States of America's Motion to Intervene ("Government's Motion"). The Court finds these matters appropriate for decision without oral argument. FED. R. CIV. P. 78; Local R. 7-15. After reviewing the moving and responsive papers, and for the reasons set forth below, the Court hereby DISCHARGES its prior order to show cause, GRANTS the Government's Motion, and GRANTS, IN PART, Defendants Woo and Ko's Motion.

## I. BACKGROUND

On August 6, 2008 Plaintiff Securities and Exchange Commission ("SEC") brought suit against Defendants Global Materials & Services, Inc. ("Global Materials"), Stephen F. Owens ("Owens"), ASMAC Financial, Inc. ("ASMAC"), Edify Capital Group Inc. ("Edify"), Eric Ko ("Ko") and William Woo ("Woo") (collectively, "Defendants") alleging that Defendants sold stocks without complying with the registration requirements of several federal securities laws. Plaintiff alleges that Defendant Owens directed Defendant Global Materials to issue shares of common stock registered on Form 2-8 to Defendants ASMAC, Edify, Ko and Woo under the guise of payment for consulting services. These Defendants then sold said shares to the public and routed the profits back to Owens. Plaintiff additionally alleges that Defendant Global Materials sold billions of shares of Form S-8 stock to the public through an unregistered securities offering disguised as an employee stock option program.

Plaintiff seeks to enjoin Defendants from engaging in this alleged wrongful conduct and disgorgement of all ill-gotten gains. Additionally, with respect to Defendant Owens, the Commission seeks an order prohibiting him from participating in any offering of penny stock and barring him from serving as an officer or director of any public company.

On September 23, 2008, this Court entered a final judgment with respect to Defendant Global Materials and Services, Inc. The remaining six Defendants were due to file an answer or other form of response to the Complaint on various dates ranging from September 4 to October 14, 2008. None of the Defendants filed a response by the deadline. Therefore, on October 14, 2008, this Court issued an Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Prosecution.

On October 21, 2008, the SEC filed a request for entry of default against the remaining six Defendants. On October 23, 2008, this Court entered a default judgment against Flinn Springs Inn, Inc. The remaining six Defendants filed answers on or before October 21, 2008.

On October 21, 2008, Defendants Woo and Ko filed the Woo and Ko Motion, requesting that this case be stayed for at least 120 days due to the criminal prosecution of Defendants Woo and Stephen Owens in the Central District of California "in connection with the same alleged sham S-8 share transactions alleged in this civil action...." Def.'s Mo. 1:24 - 2:9 (citing *U.S. v. Owens et al.*, USCD Case No. 08-CR-01036) (Ko has not been indicted but is under criminal investigation for the same acts). In their motion, Woo and Ko argued that Defendants Ko, Owens and Woo are "unable to properly answer the civil complaint [], or respond to discovery, without waiving entirely their constitutional rights against self-incrimination." Def.'s Mo. 3:12 - 3:13.

## II. LEGAL STANDARD

### A. DISMISSAL OF CASE

Dismissal is a "severe remedy" that may be imposed only after weighing the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)(citing *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir.1986)).

### B. STAY OF PROCEEDINGS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936). Whether to stay an action depends on a court's exercise of judgment in balancing potentially competing interests. *Id.* (citing *Kan. City S. Ry. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

Among those interests to be weighed are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Where separate proceedings relate to a case, "[a] trial court may . . . find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case . . . and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 709, 117 S.Ct. 1636 (1997).

### C. INTERVENTION

Under Federal Rule of Civil Procedure 24(a), a party may intervene in a civil action as a matter of right when the applicant: "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Such intervention must be timely. *See, e.g., Fresno County v. Andrus*, 622 F.2d 436 (9th Cir. 1980).

## III. DISCUSSION

### A. This Case Should Not Be Dismissed At This Juncture in the Litigation

Each of the *Thompson* factors weighs against dismissing this case at present. Defendants'

responsive pleadings were only slightly delayed, thereby only minimally impacting the resolution of this litigation and the Court's docket.  Were the Court to dismiss the case at the present juncture, the SEC would be penalized.  However, the SEC has not missed a single deadline in this case nor failed to comply with a Court order.  Additionally, it is in the public interest to adjudicate this case on the merits.  Further, less drastic sanctions are available in this case due to the Motion to Stay.  Therefore, the Order to Show Cause is hereby DISCHARGED.

### B. Discovery In This Case Should Temporarily Be Stayed

Defendants Woo and Ko request that this case be stayed for approximately 120 days as "continuation of this civil action will work substantial prejudice to the Fifth Amendment rights of Defendants [] Woo, [] Ko and [] Owens, who are under indictment or criminal investigation."  Def.'s Mo. 2:6 - 2:9.  On November 7, 2008, the United States of America (the "Government") filed a motion to intervene in this case and a partial joinder in the Motion.  In joining the Motion, the Government stated that "allowing civil discovery to proceed in this case would hamper the ongoing criminal case and potentially allow defendants to circumvent the rules of criminal procedure pertaining to discovery."  Government Mo. 2:9 - 2:13.

To the extent that Woo and Ko request a stay of discovery in this proceeding, the Motion is unopposed.  The Court notes that imposing such a stay will not prevent or delay the United States - from which the SEC derives its authority - from pursuing its claims against the Defendants as the criminal trial will be unhindered by this stay.  However, Defendants Ko, Woo and Owens will likely face a significant burden in defending two parallel actions at once due to the ramifications, for their civil case, of asserting the Fifth Amendment in their criminal case.  The Court also notes that staying the civil case is likely to maximize judicial efficiency, as the criminal case may dispose of many of the issues involved in the current civil matter.

However, Woo and Ko have not put forth any argument as to why the entire case need be stayed, as opposed to a mere stay of discovery in this matter.  Therefore, the Court GRANTS Woo and Ko's Motion to stay discovery in this case and DENIES Woo and Ko's Motion to the extent that it seeks a stay of all proceedings in this case.  By only staying discovery in this matter, the Court allows the parties to proceed with settlement discussion, for example, without adversely implicating the Fifth Amendment rights of Defendants Ko, Owens and Woo.

### C. The Government May Properly Intervene in this Matter

The Government has an "important interest in its ongoing criminal prosecution relating to the fraudulent transactions that form the basis for the civil case" as "the government's ability to prosecute its criminal case may be diminished if witnesses are forced to give testimony in this civil case" and common questions of law and fact are involved in both this matter and the criminal matter associated with it.  Government Mot. 6:6 - 6:26.  The Government's motion to intervene was timely.

Woo and Ko filed the instant Motion on October 21, 2008, and the Government brought its motion to intervene, and join the request for a stay, on November 7, 2008.

"Numerous courts have allowed the United States government to intervene in a civil case for the purpose of moving to stay discovery and other proceedings until the resolution of a related criminal case." *S.E.C. v. Nicholas*, 569 F.Supp.2d 1065 (C.D.Cal. 2008).  This case is no exception. As follows, the Government's Motion to Intervene is GRANTED.

**IV. OUTCOME**

For the foregoing reasons, the Court hereby VACATES its October 14, 2008 Order to Show Cause and STAYS discovery in this case pending the proceedings in *U.S. v. Owens et al.*, USCD Case No. 08-CR-01036.  The Court GRANTS the Government's Motion to Intervene.  The parties are ORDERED to appear for a status conference on March 2, 2009 at 8:30 a.m.

The Clerk shall serve this minute order on all parties to the action.