JOHN E. BIRKENHEIER
Email: birkenheierj@sec.gov
ANDREA R. WOOD
Email: woodar@sec.gov
MARGARET GEMBALA NELSON
Email: nelsonm@sec.gov
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

LOCAL COUNSEL
DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov
U.S. Securities and Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

Attorneys for Plaintiff
U.S. Securities and Exchange Commission

**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL MATERIALS & SERVICES, INC. et al.,<br><br>Defendants,<br><br>and<br><br>FLINN SPRINGS INN, INC.,<br><br>Relief Defendant. | Case No. SACV 08-881 DOC (RNBx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT WILLIAM WOO** |

The Securities and Exchange Commission having filed a Complaint and Defendant William Woo having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in the interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration

statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is liable for disgorgement of $327,938, with $91,361 of that amount owed jointly and severally with Defendant ASMAC Financial Inc., representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $148,709, and a civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall satisfy this obligation by paying $596,647 within 14 days after

entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying William Woo as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 11, 2010

_David O. Carter_
UNITED STATES DISTRICT JUDGE